IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNTEZ HAIRSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-303 GPM |
| ) | |
| THOMAS KNAPP, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, an inmate at the St. Clair County Jail, filed a *pro se* complaint in this action April 22, 2008 (Doc. 1). On April 30, 2008, the Court received USM-285 forms from Plaintiff Hairston regarding Defendants Knapp, Justus, Weith, and the St. Clair County Sheriff's Department (Docket entry dated 4/30/2008). On March 30, 2009, the District Court completed its threshold review of the complaint, finding that Plaintiff presented a claim against Defendants Knapp, Justus, Weith, and Steinhauer regarding alleged unconstitutional conditions of confinement at the St. Clair County Jail (Doc. 9). On April 10, 2009, the Court received a USM-285 form as to Defendant Steinhauer. On April 15, 2009, the Court granted Plaintiff's motion to amend his complaint, adding Defendants Brenda Cole, Regina Ray, Steven Saunders, and Glenda White (Doc. 13). The Court's docket does not reflect receipt of USM-285 forms for these additional defendants. To date, these defendants have not been served.

In order to expedite service of these defendants, the Court **DIRECTS** the Clerk to prepare waiver of service packets for Defendants Ray, Saunders, and White, all employees or former employees at the St. Clair County Jail.[1] The Clerk shall forward those packets to the United States

---

[1] Defendant Thomas Knapp filed a Statement noting the death of Defendant Brenda J. Cole on November 11, 2009.

Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on **Defendants Ray, Saunders, and White** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless

the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants Ray, Saunders, and White are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

The Clerk is **DIRECTED** to forward a copy of this order to the Marshal Service.

### PENDING MOTIONS

Because the Court has now directed service upon the remaining unserved defendants, Plaintiff's Motion to Compel Defendants to Answer (Doc. 19), to Compel Service of Amended Complaint (Doc. 32), for Court to Serve Defendants (Doc. 34), for Court to Render Judgment in Favor of Plaintiff (Doc. 40), and for Judgment Against Defendants Ray, Cole, Saunders, and White (Doc. 47), are found to be **MOOT**.

**IT IS SO ORDERED.**

**DATED:  December 28, 2009**

                                                           s/ *Donald G. Wilkerson*
                                                           **DONALD G. WILKERSON**
                                                           **United States Magistrate Judge**