**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHAUNTEZ HAIRSTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 08-303-GPM** |
| ) | |
| **THOMAS KNAPP, MEARL JUSTUS, MEL** ) | |
| **WEITH,   JOSEPH   STEINHAUER,** ) | |
| **GLENDA   WHITE,   BRENDA   J.   COLE,** ) | |
| **STEVEN   SAUNDERS,   and   REGINA** ) | |
| **ELAINE RAY,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Shauntez Hairston is a pretrial detainee in the St. Clair County Jail.  His extensive litigation activities have been outlined in several orders issued by United States District Judge Michael J. Reagan.  *See generally Hairston v. Cole*, civil no. 08-569-MJR (S.D. Ill. Feb. 12, 2010); *Hairston v. Blackburn*, civil no. 09-598-MJR (S.D. Ill. Feb. 12, 2010).  Judge Reagan noted that in the cases in which Hairston has been appointed pro bono counsel, his motion practice is held in check by appointed counsel; however, in cases in which Hairston is proceeding *pro se*, his motion practice has become increasingly burdensome to the Court because of the sheer volume of frivolous motions.  Currently, there are 29 motions pending in this case, only 3 of which were filed by Defendants.

Hairston complains that Defendants violated his constitutional rights while he was in segregation from February 2007 through March 2008.  Specifically, he alleges that during that time,

he was "held in disciplinary segregation excluding a couple weeks in the infirmary, approx. [sic] a week in restraint chair and 42[1] consecutive days in another segregation section of S.C.C.J." (Doc. 13, ¶ 16). He claims that he "was locked down 24 hours a day without recreation the majority of 2007;" that lights in disciplinary segregation "were extremely bright and stayed on 24 hours a day only dimming from midnight to 4:30 a.m.," causing damage to his eyes; that for "384 consecutive hours the [extremely bright light] stayed on without going off or dimming, causing further damage to [his] eyes;" that he was denied hygiene items and cleaning supplies; that he was denied access to his personal property and mail; and that he was denied sufficient access to the law library (*id*. at ¶¶ 19-65). He contends that Defendants knew that his constitutional rights were being violated and deliberately failed to enforce his rights.

Hairston's substantive claims are obscured by the frivolous and/or duplicative motions he has filed. In cases assigned to District Judge Reagan in which Hairston is proceeding *pro se*, Hairston is enjoined from filing additional motions without prior approval from Judge Reagan. The undersigned district judge cautions Hairston that if his excessive motion practice continues in this case, a similar injunction will be issued.

Motions to Appoint Counsel

Shortly after filing the second amended complaint in April 2009, Hairston filed a motion for appointment of counsel (Doc. 14). While that motion has been pending, Hairston filed seven additional motions requesting counsel (Docs. 33, 36, 44, 58, 62, 64, 69) and a motion for oral

---

[1]Plaintiff's second amended complaint is handwritten; he writes the number 4 and the number 9 similarly. The Court has compared the numbers throughout the pleading and construes Plaintiff's allegation as "42 consecutive days." It could, however, be intended as "92 consecutive days." Whether Plaintiff alleges 42 or 92 consecutive days is irrelevant for purposes of this order.

argument on his motion for appointment of counsel (Doc. 45).  Hairston's arguments for counsel center around several main themes:  (1) the jail's law library is inadequate; (2) he suspects interference with his outgoing mail; and (3) opposing counsel, Michael Garavalia, has a "personal vendetta" against him.

As Hairston readily acknowledges, civil litigants do not have a constitutional or statutory right to counsel.  *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  However, under 28 U.S.C. § 1915(e)(1), this Court has discretion to request counsel to represent indigent litigants in appropriate cases.  As a threshold matter, the Court must find that either the indigent litigant made reasonable efforts to retain private counsel, but was unsuccessful, or the indigent plaintiff was effectively precluded from making such efforts.  *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).  After this threshold inquiry is satisfied, the Court asks, "given the difficulty of the case, does the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel make a difference in the outcome?"  *Zarnes*, 64 F.3d at 288.  The two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself is necessarily intertwined:  "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand."  *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc).

At this time, the Court will not appoint counsel in this case.  Hairston alleges, with some vagueness, that he has attempted to retain counsel but that no attorney will accept his case without a retainer fee.  It is possible (likely) that Hairston is not a pleasure to be around and this has made it difficult for him to find counsel.  If this is the problem, he should minister to himself by developing better interpersonal skills.

The ultimate question remains:  "Whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Pruitt*, 503 F.3d at 655.  Hairston appears competent to present his claim.  Despite his complaints about the law library, Hairston manages to cite quite a bit of case law and Illinois statutes and regulations in his papers.  The sheer volume of papers he has filed shows that his outgoing mail is reaching the Court.  Finally, if opposing counsel is violating the federal rules because of a personal vendetta, that is an issue for this Court – not appointed counsel – to handle. Presence of counsel likely would not make a difference at this time; however, the Court has discretion to recruit pro bono counsel at a later time if it is warranted.  *See Pruitt*, 503 F.3d at 658. The Court is mindful of Hairston's desire for counsel; if the Court finds that recruitment of counsel is warranted in the future, it will appoint counsel.  Hairston need not – and should not – continue to file motions requesting appointment of counsel.  For these reasons, Hairston's motions for appointment of counsel and for a hearing on his request (Docs. 14, 33, 36, 44, 45, 58, 62, 64, 69) are **DENIED** at this time.

Motions to Clarify

Hairston has filed four motions for clarification.  The Court is unsure what relief Hairston seeks in these motions.  Rather, the motions contain more accusations against opposing counsel. Hairston believes that he cannot fairly litigate his claims in this case because of all the other lawsuits he has filed against officials at the jail, most or all of whom are represented by attorney Garavalia. Hairston makes several references to an official, Annette Tim, who is sued in other cases and is represented by attorney Garavalia.  Apparently, Hairston masturbates in front of Tim.  Garavalia warned Hairston to stop harassing Tim (these admonishments relate to the other cases in which Tim

is a defendant); by contrast, Hairston contends that he and Tim have some sort of consensual "illicit" relationship, whereby his masturbating in front of her is not harassment.  Hairston also complains that attorney Garavalia in unprofessional because he does not speak to or about Hairston with respect.  These motions to clarify are nothing more than frivolous filings; Hairston wants to "explain" to the Court things that don't have anything to do with the merits of this lawsuit.  In fact, in one motion, his complaints about attorney Garavalia's "professional misconduct" lead to him expressing "concerns about [his] criminal case in St. Clair County, Illinois with the public defenders office representing [him], Assistant States Attorney Steven Sallerson, and other judicial officers at that courthouse" (Doc. 52).[2]

Hairston raises a single issue in these motions that warrants consideration.  He claims that officials must have tampered with his mailing of the second amended complaint because, according to Defendants, there is no Count 1 listed in the complaint and paragraphs 67 through 71 are not included.  The second amended complaint was scanned and filed by this Court's Clerk's Office.  The electronically filed version appears to be missing page 13.  The Court has reviewed the original handwritten copy submitted to the Court for filing and notes that it does contain page 13.  Apparently, due to a clerical error, one page was deleted when the second amended complaint was scanned and electronically filed.

For these reasons, the motion for clarification filed March 8, 2010 (Doc. 80) is **GRANTED in part and DENIED in part**, such that the Clerk of Court is directed to **REFILE** the second amended complaint in its entirety.  The other motions for clarification (Docs. 33, 39, 52) are

---

[2]The motion filed on December 15, 2009, could be construed as a motion for sanctions because Hairston seeks "full prosecution against Michael Garavalia" (Doc. 52).  Whether the Court construes it as a motion for sanctions or a motion to clarify does not alter the analysis.

**DENIED**.

Motions to Substitute Party

On November 11, 2009, Defendant Knapp filed a statement noting Defendant Brenda J. Cole's death (Doc. 49). On December 28, 2009, United States Magistrate Judge Donald G. Wilkerson issued a Suggestion of Death, noting that any motion for substitution pursuant to Federal Rule of Civil Procedure 25(a) must be filed by February 9, 2010. Hairston filed five such motions before the deadline. In three motions (Docs. 59, 63, 65), Hairston seeks to substitute Annette Tim because she "is an officer at the St. Clair County Jail and has been for approx [sic] 21 years" (Doc. 65). Alternatively, in two motions (Docs. 60, 66), Hairston "has chosen to substitute Matthew Scott," who is "the said jail[']s assistant superintendent and at all times relevant to this cause he was an [sic] jail official at said jail and plaintiff tends to believe he was a ranking jail official but is not 100% sure. Nevertheless, this is who plaintiff chooses to substitute as a party for deceased party Defendant Cole" (Doc. 66). Plaintiff has failed to show that either Annette Tim or Matthew Scott may be properly substituted under Rule 25. There is nothing in the record to show that either proposed party was personally involved in the alleged deprivations for which Hairston sued Defendant Cole, who now is deceased. Accordingly, the motions for substitution (Docs. 59, 60, 63, 65, 66) are **DENIED**, and the claims against Defendant Cole are **DISMISSED**.

Defendants' Motions

Defendants Justus and Steinhauer filed a motion for an extension of time to answer interrogatories. To the extent this motion (Doc. 35) is not moot,[3] it is **GRANTED in part**;

_____

[3]Defendants filed their motion on October 6, 2009, seeking a 30-day extension, up to and including November 9, 2009.

Defendants are granted until April 2, 2010, to answer interrogatories served in this case.

Defendants Saunders and Ray move to strike portions of the second amended complaint and to require a more definite statement. Specifically, Defendants ask the Court to strike portions of the second amended complaint that are irrelevant and conclusory. They also want more specificity regarding the conduct of all the defendants. *Pro se* pleadings "are held to less exacting standards than those prepared by counsel and are to be liberally construed." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). This does not give Hairston carte blanche to file whatever he wants; he must comply with the federal and local rules. But practically speaking, Defendants can obtain the specifics they seek more efficiently through basic discovery than by Plaintiff filing an amended pleading. Moreover, as set forth above, part of the second amended complaint was omitted due to a clerical error. This is no fault of Hairston's. The motions to strike and for more definite statement (Doc. 75) are **DENIED**.

<u>Remaining Motions</u>

Hairston filed a motion "to demand a bench trial" (Doc. 41). The Court construes this motion as a request to withdraw his jury demand. That request is **GRANTED**; however, because Defendants Knapp, Steinhauer, and Justus timely demanded a jury trial (*see* Doc. 27), this matter remains set for presumptive jury trial.

In an Order entered December 29, 2010, Magistrate Judge Wilkerson directed service on certain Defendants who were unserved at that time (*see* Doc. 54). Hairston now appeals the part of that Order requiring him "to serve upon each defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court;" requiring him to "include with the original paper to be filed with the

Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel;" and stating that "[a]ny paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court." Hairston's appeal is based on his indigency; the jail's copy charges; and attorney Garavalia's alleged professional misconduct, which he claims has prejudiced the administration of justice.

Plaintiff's objection involves a non-dispositive ruling. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule of the United States District Court for the Southern District of Illinois 73.1(a), this Court shall set aside any portion of Magistrate Judge Wilkerson's Order that is clearly erroneous or contrary to law. Magistrate Judge Wilkerson merely recited the requirements set forth in Federal Rule of Civil Procedure 5; it is not clearly erroneous or contrary to law. Hairston's objection (Doc. 61) is **OVERRULED**.

In February 2010, Hairston filed a motion to clarify and compel Defendants White, Ray, Saunders, and Tim to answer the complaint. Annette Tim is not a defendant in this action. With respect to the other defendants named in the motion, requests for waiver of service were mailed February 8, 2010; each defendant waived service thereafter; and their answers are due April 9, 2010. The motion to clarify and compel (Doc. 70) is **DENIED**. Likewise, Hairston's motion for entry of default judgment against Defendants Ray, Saunders, and White (Doc. 79) is **DENIED**.

Hairston requests a discovery conference prior to any scheduling and discovery order being entered based on "multiple problems with defendants [sic] attorney in regards to discovery in other causes, e.g. 08-569-MJR-PMF and 09-598-MJR-PMF, and to prevent those problems from occuring [sic] in this cause" (Doc. 71). This motion is **DENIED**.

Hairston filed a motion to compel Defendant Weith to answer production requests propounded on December 19, 2009. Federal Rule of Civil Procedure 34 governs requests to produce documents and gives the party to whom the requests are directed 30 days to respond in writing to each request or state an objection thereto. According to Hairston's motion, Defendant Weith failed to respond or object to the requests. The motion to compel (Doc. 72) is **GRANTED in part**, such that Defendant Weith shall file a Status Report on or before April 2, 2010, to advise the Court of the status of Hairston's production requests.

Hairston filed a motion asking that non-party Michael Williams be appointed under Federal Rule of Civil Procedure 28 to administer oaths to deponents so that Hairston can use a recording device at the jail to record depositions. He contemplates the depositions being transcribed after they are completed. This motion (Doc. 77) is **DENIED**.

Finally, Hairston seeks leave to file an amended complaint to include "the unauthorized touches and the sexual acts he engaged in by force of the officer and by other means in which he was incapable to give consent." He explains:

> District Judge M. Reagan in his 1/12/10 order in 09-598-MJR at Doc. 67 he [sic] stated that unauthorized touches were an assault and battery. However instead of an assault and battery claim plaintiff chose to proceed with an Illinois state law "custodial sexual misconduct" claim against an individual who engaged in sexual acts with plaintiff while he was in segregation in which this cause is about what happen [sic] to plaintiff while in segregation from 2007 to March of 2008.

(Doc. 78). Hairston will not be allowed to add an assault and battery claim – or a "custodial sexual misconduct" claim – in this action. Similarly, he will be not allowed to add additional defendants who, because they were supervisors, knew about, facilitated, approved, and/or condoned the deprivations of which he complains in this action. The motion to amend/correct (Doc. 78) is **DENIED**.

This order clears all extant motions, and additional frivolous motions will result in a hard injunction enjoining further filings by Hairston.

**IT IS SO ORDERED.**

DATED:  03/23/10

s/ *G. Patrick Murphy*

G. Patrick Murphy
United States District Judge