## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAUNTEZ HAIRSTON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) **CIVIL NO. 08-303-GPM** |
| **THOMAS KNAPP, MEARL JUSTUS, MEL WEITH, ST. CLAIR COUNTY SHERIFF'S DEPARTMENT, JOSEPH STEINHAUER, GLENDA WHITE, BRENDA J. COLE, STEVEN SAUNDERS, and REGINA ELAINE RAY,** | ) ) ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Before the Court is Plaintiff Shauntez Hairston's Post Trial Motion to be Provided With a Copy of Doc. 145, 146, in There (sp.) Entirety and for Transcripts of the Trial (Doc. 227).[1] For the reasons set forth below Plaintiff's motion (Doc. 227) is **DENIED**.

For proceedings *in forma pauperis*, 28 U.S.C. § 1915(c) provides that a Court may direct payment by the United States of costs of copying and preparing court documents for an indigent litigant in only two situations: (1) preparation of the record on appeal, and (2) proceedings held before a United States Magistrate Judge that are on review by a United States District Judge. *See Doe v. Pryor*, 61 F.Supp. 2d 1235, 1237 (M.D. Ala. 1999). An inmate "is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970).

The Court may, in its discretion, order that free copies be provided when a litigant has shown: (1) that he has exhausted all other means of access to his files, (2) that he is financially

---

[1] Plaintiff's motion also requests a transcript of a hearing held on August 2, 2010.

unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. §1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir.1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir.1977). Requiring a litigant to make such a showing is not burdensome to "financially unable prisoners who desire their records be sent to them at government expense." *United States v. Wrolen*, Case No. 06-cr-40019-JPG, 2009 WL 174977 (S.D.Ill. 2009).

Plaintiff was before this Court in a civil matter. After a bench trial, held on November 2, 2010, the court found in favor of Defendants and against Plaintiff on all claims. Plaintiff does not indicate that he seeks copies and transcripts for a case that is on appeal or on review by a District Judge, nor does he make any showing that he could not obtain the documents from some other source, that he is unable to pay for copies, or that he needs these documents to pursue a specific non-frivolous court action. He simply requests that the court provide the documents. Without the showing outlined above, Plaintiff is not entitled to the documents he requests and therefore his motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 1, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
